SEP -5 1990

DOCKET NO. 840

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ESTATE OF FERDINAND E. MARCOS HUMAN RIGHTS LITIGATION[1]

TRANSFER ORDER

    The litigation before the Panel consists of five actions pending in three districts as follows: three actions in the District of Hawaii and two actions in the Northern District of California. Plaintiffs in the two California actions move the Panel under 28 U.S.C. §1407 for transfer of all actions to the Central District of California. Plaintiffs in the three Hawaii actions also support transfer to that district. Responding defendants oppose transfer. In the event the Panel nevertheless concludes that transfer is appropriate, then these defendants support selection of the District of Hawaii as transferee forum.

    On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Hawaii will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions were brought by Philippine citizens against Ferdinand E. Marcos seeking recovery for human rights violations allegedly committed during the Marcos regime. All actions present common factual questions regarding Marcos's alleged systematic control and direction of the wrongful acts alleged. Also, all actions present common questions of law, inasmuch as defendants have moved to dismiss all complaints on virtually the same grounds. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

    Movants and the Hawaii action plaintiffs favor selection of the Central District of California as transferee forum because the principal action brought by the Philippine government to recover assets from the Marcoses is pending there. That action, which is not subject to the motion before the Panel, would not appear to present

---

[1] Upon review of the pleadings and oral argument in this docket, the Panel has concluded that this title is more descriptive of this litigation than the original title in this docket, "In re Ferdinand E. Marcos Assets Dispute Litigation."

any significant common questions with the human rights actions now before the Panel prior to any post-judgment recovery phase in the human rights actions. We are persuaded that the District of Hawaii is the appropriate forum for this litigation because: 1) three of the five actions now before the Panel and an additional action identified as a potential tag-along action are already pending there; 2) Hawaii is where the Marcoses resided following their departure from the Philippines; and 3) to the extent any relevant witnesses and documents will be available in the Philippines, the Hawaii forum is geographically convenient to that country.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in the Northern District of California be, and the same hereby are, transferred to the District of Hawaii and, with the consent of that court, assigned to the Honorable Manuel L. Real from the Central District of California, sitting in the District of Hawaii pursuant to an intracircuit assignment under 28 U.S.C. §292(b), for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

*[signature]*

Robert H. Schnacke
Judge of the Panel

## SCHEDULE A

MDL-840 -- In re Estate of Ferdinand E. Marcos Human Rights Litigation

### District of Hawaii

Maximo Hilao, et al. v. Ferdinand E. Marcos, C.A. No. 86-390
Florentina Sison, et al. v. Ferdinand E. Marcos, C.A. No. 86-0225
Agapita Trajano, et al. v. Ferdinand Marcos, et al., C.A. No. 86-0207

### Northern District of California

Fluellen M. Ortigas, et al. v. Ferdinand Marcos, C.A. No. C-86-0975
Vicente Clemente, et al. v. Ferdinand Marcos, et al., C.A. No. C-86-1449